UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLIE LEON HALL III | CIVIL ACTION |
| VERSUS | NO. 19-10253 |
| BP EXPLORATION<br>& PRODUCTION, INC. ET AL. | SECTION "J" (2) |

Related to:  12-968 BELO
              in MDL 10-2179

## REPORT AND RECOMMENDATION

Plaintiff, Charlie Leon Hall III, was employed as a clean-up worker along the Mississippi Gulf Coast, where he also lived, after the BP/Deepwater Horizon explosion and oil spill on April 20, 2010. Complaint, Record Doc. No. 1. He filed this complaint pursuant to the Back-End Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement"). Record Doc. Nos. 6427-1 and 8218 in MDL No. 10-md-2179.

Hall seeks compensatory damages and related costs for later-manifested physical conditions (as defined in the Medical Settlement Agreement) that he allegedly suffered as a result of exposure to substances released after the oil spill. Record Doc. No. 1. Specifically, his complaint asserts the following conditions and/or symptoms: chronic rhinosinusitis with testing, chronic damage to conjunctiva, reactive airways dysfunction syndrome with testing, chronic dermatitis at site of contact and chronic sinusitis. Id. at ¶ 12.

Defendants, BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), moved to dismiss plaintiff's claim concerning one of his claimed physical conditions for which he did not satisfy the Medical Settlement Agreement's conditions precedent before filing the instant lawsuit. BP's memorandum, Record Doc. No. 4-3 at p. 1. Specifically, BP argues that Hall failed to fulfill the conditions precedent to bringing a BELO claim based on chronic sinusitis. Id.

Local Rule 7.5 requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date. No memorandum in opposition to defendant's motion to dismiss plaintiff's complaint, Record Doc. No. 4, has been received. Accordingly, this motion is deemed unopposed.

Having considered the motion, the complaint, the record and the applicable law, I recommend that BP's motion to dismiss be GRANTED and that plaintiff's complaint be DISMISSED **WITHOUT** PREJUDICE as to his condition of chronic sinusitis, for the following reasons.

## ANALYSIS

The Medical Settlement Agreement is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel. Record Doc. No. 6427-1 at § XXX(C) in MDL No. 10-md-2179. The BELO lawsuit process is the exclusive remedy for class members who seek

2

compensation for later-manifested physical conditions, as defined in the Medical Settlement Agreement.  Id. at § II(VV).

As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims Administrator").  Upon confirming that the notice of intent to sue is compliant with the conditions precedent, the Claims Administrator must transmit the notice to BP.  BP then has 30 days to decide whether to mediate the claim.  If, as in this case, BP chooses not to mediate, the claimant must file his BELO lawsuit within six months of being notified by the Claims Administrator of BP's election not to mediate.  Id. at §§ VIII(A), (C)(1), (C)(2), (G)(1)(b).

BP moves to dismiss Hall's complaint insofar as it concerns the claimed condition of chronic sinusitis pursuant to this court's BELO Cases Initial Proceedings Case Management Order ("CMO").  The CMO allows the parties to file a motion to dismiss without prejudice if the complainant fails "to complete the conditions precedent to filing such a complaint as required in the [Medical] Settlement Agreement."  CMO, Record Doc. No. 3 in this action, Record Doc. No. 14099 in MDL No. 10-md-2179, at § IV(1)(A).

The Medical Settlement Agreement states in pertinent part:

> A MEDICAL BENEFITS SETTLEMENT CLASS MEMBER seeking compensation from BP for a LATER-MANIFESTED PHYSICAL CONDITION must submit a NOTICE OF INTENT TO SUE, . . . , to the CLAIMS ADMINISTRATOR.  The NOTICE OF INTENT TO SUE and materials submitted therewith must be submitted to the CLAIMS ADMINISTRATOR within 4 years after either the first diagnosis of that

>   LATER-MANIFESTED PHYSICAL CONDITION or the EFFECTIVE DATE, whichever is later.

Record Doc. No. 6427-1 at § VIII(A) in MDL No. 10-md-2179. A class member "may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACK-END LITIGATION OPTION LAWSUIT only for the LATER-MANIFESTED PHYSICAL CONDITION for which he or she timely submitted a NOTICE OF INTENT TO SUE." Id. at § VIII(G)(2)(a) (emphasis added).

The notice of intent to sue form attached to the Medical Settlement Agreement prompts class member claimants to provide information, including medical records or a physician's certification concerning the diagnosis, about every later-manifested physical condition for which a claim is being made. Record Doc. No. 6427-6 in MDL No. 10-md-2179. Without such information, the Claims Administrator cannot confirm that the notice of intent to sue satisfies certain requirements as to each claimed condition.

In this case, plaintiff alleges that he was diagnosed in 2012 with chronic sinusitis and in 2014 with the other conditions listed in his complaint. Record Doc. No. 1 at ¶ 12. He first submitted a notice of intent to sue on August 3, 2016, listing his later-manifested physical conditions as "chronic rhinosinusitis with testing, chronic damage to conjunctiva, reactive airways dysfunction syndrome with testing, chronic contact dermatitis at site of contact, and chronic sinusitis." Defendant's Exh. A, Record Doc. No. 4-4 at p. 4. After the Claims Administrator sent Hall a notice of defect, he submitted a notice of withdrawal on August 2,

4

2018, requesting that the Claims Administrator "accept this letter as Notice of Withdrawal as to the condition[] . . . Chronic Sinusitis." Plaintiff's Exh. B, Record Doc. No. 4-5 at p. 2.

The Claims Administrator submitted plaintiff's notice of intent to sue to BP with the conditions that the Claims Administrator had accepted as valid, not including chronic sinusitis.  On November 9, 2018, the Claims Administrator notified Hall of BP's refusal to mediate his claim for these conditions.  Defendant's Exh. C, Record Doc. No. 4-6.  Plaintiff then filed his BELO complaint in this court, alleging chronic sinusitis as one of his later-manifested conditions, even though it was not identified as valid in his final notice of intent to sue, and he had expressly withdrawn it. Record Doc. No. 1 at ¶ 12.

The plain terms of the Medical Settlement Agreement do not allow Hall to allege damages in this BELO lawsuit based on chronic sinusitis, without first having it accepted by the Claims Administrator as a valid condition.  Hall failed to meet the conditions precedent to filing a BELO complaint as to that particular later-manifested physical condition.

## RECOMMENDATION

For all the foregoing reasons, it is **RECOMMENDED** that defendant's motion for partial dismissal be **GRANTED** and that plaintiff's single claim concerning chronic sinusitis be DISMISSED WITHOUT PREJUDICE to refiling if all BELO suit pre-conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this   26th   day of June, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.